**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 95-5751

MICHAEL DWAYNE VIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-95-16-R)

Submitted: October 29, 1996

Decided: November 20, 1996

Before WIDENER, MURNAGHAN, and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan M. Apgar, DAMICO & APGAR, Roanoke, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Joseph W.
H. Mott, Assistant United States Attorney, Eric Chappin, Third-Year
Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Dwayne Via was convicted after a jury trial on three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). In appealing his conviction, Via makes four arguments: (1) the district court clearly erred by denying Appellant's challenge to the Government's use of a peremptory strike of a potential black juror under Batson v. Kentucky, 476 U.S. 79 (1986); (2) the evidence was insufficient to support the conviction; (3) the district court abused its discretion by excluding the introduction of evidence that would show the Government's confidential informant conducted illegal acts during the period in which he was cooperating with the Government; and (4) he was selectively prosecuted by the federal government because of his race. For the reasons that follow, we affirm. For purposes of organization, we discuss the facts chronologically and then address Via arguments in turn.

Prior to Via's trial, the district court granted the Government's motion in limine to prohibit Kia Robertson from testifying that Government informant Jeffrey Overstreet had offered her drugs for sex and Ray Hodges from testifying that Overstreet sold him drugs. The court granted the motion noting that "[t]he purpose of that rule [Fed. R. Evid. 608] is to not expand the trial in side issues of trying [to determine] whether or not the witness committed certain bad acts or crimes." After jury selection, but prior to the commencement of trial, Via raised a challenge to the Government's peremptory strike of a black female juror under Batson v. Kentucky. The basis for the challenge was that the potential juror was the only African-American person out of a thirty-three person venire and that Via, himself, is black.[1]

_____

[1] There was another black juror in the jury pool, but he was not available the day of trial. (J.A. 16).

2

When challenged about the strike, the Assistant United States Attorney (AUSA) stated that he did not consider race when he struck the potential juror. The AUSA alleged he struck the juror because: (1) she lacked ties to the community because she was not married, did not have a family, and did not have children in school; (2) she and another juror were the only two jurors left in the venire under the age of thirty-five (she was age twenty-nine); and (3) when he looked at the juror on one occasion she appeared "unhappy," on another occasion she had a "grim look on her face" as if she was agitated and did not want to serve on the jury, and at one point when he made eye contact with the juror she looked down and then away from him. The AUSA's assistant stated that the AUSA did not have a good feeling about the juror and that two other jurors who appeared disinterested in fulfilling their duties also were struck by the Government. The district court found that Via had made a prima facie showing of discrimination but that the AUSA had proffered neutral reasons for the strike and that Via's attorney ultimately failed to show the strike was racially motivated. Thus, the court denied Via's Batson challenge.

Evidence at trial centered around the testimony of Overstreet, the Government informant. Via sold cocaine base to Overstreet on October 11, 14, and 25, 1994. Tape recordings of the first two transactions were played for the jury. Laboratory analysis showed that Via sold 10.53, 11.26, and 10.08 grams of cocaine base to Overstreet respectively. At the conclusion of the two-day jury trial, Via was convicted on three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994).

I.

When a Batson challenge is made, the trial court must conduct a three-part inquiry. First, the court requires the opponent of the challenge to make out a prima facie case of racial discrimination. Second, if the requisite showing is made, the burden then shifts to the proponent of the strike to come forward with a race-neutral explanation for striking the juror. The explanation need not be persuasive or even plausible as long as it is race-neutral. Purkett v. Elem, ___ U.S. ___, 63 U.S.L.W. 3814, 3815 (U.S. May 15, 1995) (No. 94-802). Third, if steps one and two are met, the trial court must then decide whether the explanation is pretextual and whether the opponent of the strike

3

has met its burden of proving purposeful discrimination. Id.; Batson, 476 U.S. at 96-98. The ultimate burden rests always with the opponent of the strike to demonstrate purposeful discrimination. Hernandez v. New York, 500 U.S. 352, 364 (1991). Because the findings of the district court turn largely on credibility determinations, they are given great deference and reviewed for clear error. Id.

We find that the district court did not clearly err by finding that the AUSA's articulated reasons for striking the juror were race-neutral: the juror's youth, that she was separated or divorced--indicating lack of ties to the community--and the AUSA's "gut reaction" or "sixth sense to select [or not] jurors." See Purkett, 63 U.S.L.W. at 3815. We also find that the district court did not clearly err by finding that Via failed to demonstrate discriminatory intent by the Government. Hernandez, 500 U.S. at 364.

II.

We must uphold a conviction attacked on the grounds of insufficient evidence if in "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). We do not review the jury's decision on the credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Via's sole basis for contending that the evidence was insufficient is that Overstreet's testimony was "inherently incredible." Saunders, 886 F.2d at 60. Because we do not review witness credibility and because Overstreet's testimony and audiotape recordings clearly demonstrated that he bought cocaine base from Via on three separate occasions, we find that the evidence was sufficient to support the convictions for distributing cocaine base. Jackson, 443 U.S. at 319.

III.

Via's evidentiary challenge is reviewed for an abuse of discretion. United States v. Bynum, 3 F.3d 769, 772 (4th Cir. 1993), cert. denied, 510 U.S. 1132 (1994). The trial court is vested with broad discretion to control the mode of interrogation and the presentation of evidence.

4

United States v. Gravely, 840 F.2d 1156, 1163 (4th Cir. 1988). Except for evidence of conviction of a crime, as provided in Fed. R. Evid. 609, extrinsic evidence of specific instances of conduct may not be used to impeach a witness' credibility. Fed. R. Evid. 608(b); Bynum, 3 F.3d at 772. The reason for the rule is to avoid holding a series of mini-trials on witness credibility within the trial itself. Bynum, 3 F.3d at 772. Accordingly, we find that the district court did not abuse its discretion because Via attempted to do precisely what Rule 608 forbids--present extrinsic conduct evidence to impeach Overstreet's credibility.

IV.

Via now claims for the first time that because he was the only African-American defendant and because he was the only defendant out of a group of thirty-four who was prosecuted by the federal government, rather than the state, that he was selectively prosecuted because of race. Because this issue was not raised below, the record contains no facts regarding the other thirty-three defendants. Ordinarily, an appellate court will not consider an issue not raised in the court from which an appeal is taken. United States v. Davis, 954 F.2d 182, 187 (4th Cir. 1992) (citation omitted). This flexible rule, however, is relaxed to prevent manifest injustice, e.g. where fundamental rights are involved. Id. Without deciding whether fundamental rights are involved, we address Via's claim.

When concurrent jurisdiction exists to prosecute a crime in state or federal court, it is not a per se violation of due process to prosecute a defendant federally. United States v. Smith , 30 F.3d 568, 572, cert. denied, ___ U.S. ___, 63 U.S.L.W. 3421 (U.S. Nov. 28, 1994) (No. 94-6550). Nonetheless, if the decision to prosecute is deliberately based upon a constitutionally impermissible factor such as race it may be barred. Wayte v. United States, 470 U.S. 598, 608 (1985). Selective prosecution claims are judged according to ordinary equal protection standards; thus, Via must show that the enforcement had (1) a discriminatory effect and (2) was motivated by a discriminatory purpose. Id.

We find Via's bare allegation of discrimination, based solely upon the fact that he was the only person federally prosecuted, does not

5

meet his burden under <u>Wayte</u> when considered in light of the fact that he was on federal supervised release for previous federal drug crimes when he committed the instant drug offenses.[2] Via makes no claim that the other thirty-three defendants were similarly situated. Thus, we deny Via's claim of selective prosecution.

Accordingly, we affirm Via's conviction. We dispense with oral argument because the facts are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**2** Via was federally convicted in 1989 for conspiracy to distribute 189 pounds of marijuana and distribution of 140 grams of cocaine.

6